UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUSSEIN TARABI,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                 Defendant. | CASE NO. C14-1367-RAJ<br><br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Hussein Tarabi proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1]   He completed eighth grade in Somalia, and moved

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

1    to the United States in 2005.  (AR 46-47, 77.)  Plaintiff has not worked since he moved to the

2    United States.  (AR 50.)

3        Plaintiff filed an application for SSI on June 23, 2011, alleging disability beginning

4    January 1, 2004.[2]  (AR 241-48.)   His application was denied at the initial level and on

5    reconsideration, and Plaintiff timely requested a hearing.  (AR 158-66, 170-77.)

6        On December 3, 2012, ALJ Kimberly Boyce held a hearing, taking testimony from

7    Plaintiff and a vocational expert (VE).  (AR 36-61.)  On January 10, 2013, the ALJ issued a

8    decision finding Plaintiff not disabled.  (AR 17-29.)

9        Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on

10   July 2, 2014 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

11   Plaintiff appealed this final decision of the Commissioner to this Court.

12                                      **JURISDICTION**

13       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

14                                       **DISCUSSION**

15       The Commissioner follows a five-step sequential evaluation process for determining

16   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

17   be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not

18   worked since November 2, 2010, the date of Plaintiff's prior application filing.  (AR 19.)   At

19   step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

20   found severe Plaintiff's degenerative disc disease and major depressive disorder.  (AR 20-21.)

21   Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ

22   ───────────────────

23       [2] At the administrative hearing, Plaintiff's counsel requested that the ALJ amend the alleged onset
     date to November 2, 2010, the filing date of a prior application, but the ALJ denied that motion based on
     Plaintiff's lack of understanding as to the import of that request.  (AR 18, 40-41.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), except that he can stand and walk for about six hours, and sit for about six hours, in an eight-hour workday with normal breaks. He cannot climb ropes or scaffolds, but can occasionally climb ladders, ramps, and stairs. He can frequently reach, handle, finger, and feel. He cannot be exposed to hazardous machinery. He can perform routine and repetitive work. (AR 23-28.)

Plaintiff has no past relevant work, so the ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as electrical accessories assembler and inspector and hand packager. (AR 28-29.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

Plaintiff argues the ALJ erred in (1) finding at step two that fibromyalgia, hand tremor, abdomen pain, post-traumatic stress disorder (PTSD), and cognitive disorder were either not severe or not medically determinable; (2) discounting various medical opinions; (3) discounting the credibility of Plaintiff's subjective testimony; and (4) failing to include all of Plaintiff's limitations in the RFC assessment and VE hypothetical.[3]

Plaintiff asks that the ALJ's decision be reversed and his claim remanded for a finding of disability or, in the alternative, for further proceedings.[4]   The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step Two</u>

At step two, a claimant must make a threshold showing that his or her medically determinable impairments significantly limit his or her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Smolen*, 80 F.3d at 1290 (quoting Social Security

---

[3] Plaintiff also argues that the ALJ erred in finding that his circumstances had not changed since the time of his previous benefits denial in August 2009, thereby applying a presumption of continuing non-disability.  Although the ALJ stated that the presumption applied (AR 17), the ALJ also went on to address the merits of the case, which indicates that the ALJ did not rely on res judicata principles.  *See, e.g.*, *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988).  Plaintiff has identified no prejudice flowing from the ALJ's finding regarding the presumption, and thus the Court will not address this assignment of error.

[4] Plaintiff provides no analysis as to the appropriate remedy for the alleged errors in this case.  Dkt. 12 at 18.  Because the record contains conflicting evidence and serious doubts remain as to whether Plaintiff is disabled, the Court finds that a remand for further proceedings is appropriate, as opposed to a remand for a finding of disability.  *See Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014); *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

Ruling (SSR) 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)).  "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54).

A severe mental or physical impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908.

In this case, the ALJ stated that although the record contained references to fibromyalgia and hand tremors, she found fibromyalgia to be not medically determinable, and found hand tremors to be not severe.  (AR 20-21.)  The ALJ also stated that the record contained references to a variety of mental health conditions with overlapping symptoms, and that she found some of Plaintiff's mental health allegations to lack credibility.  (AR 21.)  The ALJ stated that she found Plaintiff's depression to be severe, and that she considered all of his symptoms, regardless of diagnosis.  (*Id*.)  The ALJ did not mention Plaintiff's abdomen pain.

Plaintiff argues that the ALJ erred in excluding fibromyalgia, hand tremors, PTSD, cognitive disorder, and abdomen pain at step two.  Dkt. 12 at 3-4.  The Court will address each disputed condition in turn.

Fibromyalgia

The ALJ explained that the record contained references to fibromyalgia, but not the documentation required to establish the existence of that condition.  (AR 20.)  Plaintiff argues that "treatment notes in the record do contain proper diagnoses."  Dkt. 12 at 3 (citing AR 547-48, 664). Plaintiff is mistaken.  The first treatment note he cites mentions tender points, but does not

reference a fibromyalgia diagnosis.  (AR 547-48.)  The second treatment he cites does reference a fibromyalgia diagnosis (AR 664), but does not contain the findings necessary to corroborate that diagnosis.  *See* SSR 12-2p, 2012 WL 3104869, at *2-3 (Jul. 25, 2012).  Thus, Plaintiff has failed to establish that the ALJ erred in finding that fibromyalgia was not a medically determinable impairment.

Hand Tremor

The ALJ noted that the record established that Plaintiff experienced hand tremors, but the ALJ went on to find that, in light of evidence showing that Plaintiff could complete personal care activities, shop in stores, and perform other voluntary movements, the tremors caused no more than minimal functional limitation and were therefore not severe.  (AR 20-21.)  The ALJ also indicated, however, that she did nonetheless include limitations on reaching, handling, and fingering in her RFC assessment.  (AR 21.)

Plaintiff contends that there is "ample" evidence showing that his hand tremor interfered with his functioning.  Dkt. 12 at 4 (citing AR 623, 635).  The second note cited by Plaintiff does not reference any functional limitations (AR 635), and thus is not inconsistent with the ALJ's step-two finding.  But the first note cited by Plaintiff is a medical opinion indicating that Plaintiff has "little use of arms" due to "chronic tremor[.]"  (AR 623.)  The ALJ addressed this opinion, and explained why she gave it little weight.  (AR 26.)  As explained *infra*, however, the ALJ erred in discounting this medical opinion, and thus must reconsider this aspect of her step-two findings on remand.

PTSD and Cognitive Disorder

Plaintiff argues that the ALJ erred in finding that one mental health diagnosis (depression) accounted for his symptoms, rather than including PTSD and a cognitive disorder.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

1    Dkt. 12 at 3.  Plaintiff cites no evidence to support his argument, and instead merely speculates

2    that including other diagnoses would have led the ALJ to account for unidentified functional

3    limitations.  (*Id.*)  Plaintiff's failure to support his assignment of error with any evidence beyond

4    speculation does not establish prejudicial error in the ALJ's decision.

5    Abdomen Pain

6            Plaintiff argues that the ALJ erred in failing to discuss abdomen pain at step two.  Dkt. 12

7    at 4.  Plaintiff contends that the evidence shows that his abdominal pain is disabling.  (*Id.* (citing

8    AR 624, 636).)   A doctor's opinion (AR 624) that Plaintiff's abdomen pain is "extremely"

9    disabling does not identify any functional limitations specifically attributable to that pain, and

10   thus does not establish the severity of that condition.  *See* SSR 96-5p, 1996 WL 374183, at *1

11   (Jul. 2, 1996).   The other evidence cited by Plaintiff (AR 636) mentions a history of abdominal

12   surgery, but mentions no functional limitations that result.   Accordingly, Plaintiff has not

13   established error in the ALJ's failure to include abdomen pain as a severe impairment at step

14   two.

15                                        Credibility

16           The ALJ provided a number of reasons to discount the credibility of Plaintiff's subjective

17   testimony: (1) his pain complaints were not corroborated by the medical record; (2) evidence

18   showing that Plaintiff's tremor was not evident during times he was unaware that he was being

19   observed; (3) evidence showing that Plaintiff's use of a cane was not always warranted; (4)

20   evidence showing that Plaintiff refused to cooperate during an examination; (5) Plaintiff's lack

21   of interest in treatment for his mental health complaints, as well as his "varying presentations

22   during mental exams"; (6) inconsistent daily activities; and (7) a possible secondary gain

23   motivation.  (AR 24-26.)

Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  Plaintiff does not challenge all of the ALJ's reasons, however, focusing only on the ALJ's findings regarding his "varying presentations," the possible secondary gain motivation, and daily activities.  Dkt. 12 at 16-17.  Plaintiff's failure to challenge all of the ALJ's reasons is fatal to his assignment of error, because even if Plaintiff is correct that those reasons are erroneous, he has not shown that the error is harmful, in light of the remaining unchallenged reasons related to the medical record, symptom exaggeration, lack of treatment for mental health issues, and lack of cooperation upon examination.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

In his Reply brief, Plaintiff mentions one incident of symptom exaggeration addressed by the ALJ: Plaintiff's psychiatrist observed that Plaintiff used a cane during his medical appointment and reported physical complaints, but after he left the medical office he "was walking perfectly normally and actually twirling his cane in the air!" (AR 449.)  Plaintiff argues that this incident does not actually undermine his credibility, because it could have occurred during a time when he was feeling "particularly stalwart and robust[.]"  Dkt. 17 at 6.  Plaintiff's alternate interpretation of the evidence does not establish that the ALJ's inference was not reasonable, however, particularly where the context of the medical note suggests that the doctor also interpreted this evidence to undermine Plaintiff's credibility.  (AR 449.)

Plaintiff does not address the other exaggeration evidence discussed by the ALJ, specifically evidence that Plaintiff's tremor was not seen when he did not know he was being observed.  (AR 465.)  Evidence of symptom magnification or exaggeration is a valid reason to discount a claimant's credibility, and thereby supports the ALJ's adverse credibility

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

determination.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding that an adverse credibility determination based on, among other things, a tendency to exaggerate, was supported by substantial evidence).  Because many of the ALJ's reasons to discount Plaintiff's credibility remain unchallenged, the ALJ's adverse credibility determination should be affirmed.

<u>Medical Opinions</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct."  *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources."  Acceptable medical sources include, for example, licensed physicians and psychologists, while other providers, such as nurses and therapists, are considered "other sources."  20 C.F.R.  §§

404.1513(a) & (d), 416.913(a) & (d).  Less weight may be assigned to the opinions of other sources.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  However, the ALJ's decision should reflect consideration of such opinions, and the ALJ may discount the evidence by providing reasons germane to each source.  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)

In this case, Plaintiff challenges the ALJ's assessment of opinions provided by acceptable medical sources as well as an "other" source.  The Court will address each disputed opinion in turn.

Robert Parker, Ph.D.

Dr. Parker examined Plaintiff twice, first in January 2009 (AR 335-42) and again in May 2011 (AR 516-24).  In both opinion reports, Dr. Parker found that Plaintiff had moderate-to-severe cognitive and social limitations.  (AR 337, 518.)  In May 2011, Dr. Parker opined that Plaintiff "is so impaired that medications may help to stabilize, but are not expected to enable [him] to become employable."  (AR 518.)

The ALJ found that Dr. Parker's 2011 opinion was inconsistent with the "longitudinal record[,]" which showed "mostly mild to moderate limitations" upon mental status examination. (*Id.*)  The ALJ also noted that Plaintiff's "varying presentations throughout the period of issue undercuts the reliability of Dr. Parker's opinions."  (*Id.*)

The ALJ's reasons are not sufficiently specific as to the 2011 opinion.  The ALJ did not identify which evidence is inconsistent with which portions of Dr. Parker's opinions, and does not explain why fluctuations in Plaintiff's presentation at other times bears on the reliability of Dr. Parker's opinion.  On remand, the ALJ shall reconsider Dr. Parker's 2011 opinion.

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 10

Luci Carstens, Ph.D.

Dr. Carstens examined Plaintiff in January 2008, and found that he had mild-to-moderate cognitive limitations and mild-to-marked severe social limitations.  (AR 327-32.)  The ALJ discounted Dr. Carstens' opinion as inconsistent with the overall medical evidence, and found that her opinion regarding Plaintiff's social limitations was inconsistent with evidence showing that Plaintiff can interact with others and use public transportation.  (AR 26.)

The ALJ's reasoning as to Dr. Carstens' opinion regarding social limitations is specific and legitimate, because the ALJ's decision cites evidence (AR 25 (citing AR 300-05, 462, 474, 476, 521, 674)) inconsistent with Plaintiff's self-reported description to Dr. Carstens of his social circumstances.  *See* AR 329.  Thus, the ALJ did not err in discounting Dr. Carstens' opinion.

Charles Quinci, Ph.D.

Dr. Quinci examined Plaintiff in May 2012, and opined that he was "incapacitated for social and performance factors," and had "low" cognitive functioning.  (AR 681-83.)  The ALJ discounted Dr. Quinci's opinion because it was inconsistent with the "overall medical evidence of record[,]" because Dr. Quinci relied primarily on Plaintiff's non-credible self-report, and because Dr. Quinci's opinion "lacks any longitudinal credibility" "in light of the claimant['s] varying presentations throughout the period at issue."  (AR 27.)

As explained *supra*, some of the ALJ's reasons are not sufficiently specific: the ALJ did not identify evidence inconsistent with Dr. Quinci's opinion, or explain why Dr. Quinci's opinion was undermined by Plaintiff's "varying presentations."  But the ALJ's reasoning is legitimate with regard to Dr. Quinci's reliance on Plaintiff's self-report.  Dr. Quinci's opinion report consists almost entirely of Plaintiff's self-report.  (AR 681-83.)  This is a valid reason to discount Dr. Quinci's opinion.  *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 11

1   (9th Cir. 2009).   Thus, errors in the ALJ's rationale are harmless, in light of the ALJ's other

2   legitimate reason to discount Dr. Quinci's opinion.

3   <u>Timothy Joos, M.D.</u>

4          Plaintiff's treating physician, Dr. Joos, provided multiple opinions regarding Plaintiff's

5   functional limitations.  (AR 344-51, 622-24.)   In January 2009 and November 2009, Dr. Joos

6   opined that Plaintiff was limited to light work, but that his "main disability is psychiatric."  (AR

7   345-46, 349-50.)   The ALJ discounted Dr. Joos's opinion regarding Plaintiff's psychiatric

8   disability because Dr. Joos never treated or assessed Plaintiff's mental conditions.  (AR 26.)

9   Plaintiff does not challenge the ALJ's assessment of Dr. Joos's opinions in this regard.

10         In March 2011, Dr. Joos completed a DSHS form opinion indicating that Plaintiff can

11  stand or sit for a half-hour each in an eight-hour workday, and can lift two pounds frequently and

12  five pounds occasionally.  (AR 622-23.)  Dr. Joos's opinion indicates that he did not perform a

13  physical evaluation in conjunction with rendering his opinion.   (AR 623.)   Dr. Joos also

14  mentioned Plaintiff's "major psychiatric diagnoses."  (*Id*.)  The ALJ gave "less weight" to this

15  opinion, finding it "inconsistent with the medical evidence of record."  (AR 26.)  The ALJ cites

16  no particular conflicting evidence, however, and this reason therefore lacks the requisite

17  specificity.   The ALJ also indicated that Plaintiff's "physical activities of daily living are

18  inconsistent" with Dr. Joos's opined limitations, but does not specify which portions of Dr.

19  Joos's opinion are contradicted by which activities.  (*Id*.)  On remand, the ALJ should reconsider

20  Dr. Joos's March 2011 opinion.

21         In June 2011, Dr. Joos wrote a letter describing Plaintiff's PTSD, anxiety, tremor, chronic

22  back pain, and abdomen pain, and stating that Plaintiff is "extremely disabled by all these

23  conditions."  (AR 624.)  The ALJ discounted this opinion as inconsistent with "the objective and

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 12

physical exam findings at that time."  (AR 26.)  The ALJ also noted that she again discounted Dr. Joos's opinion regarding the disabling nature of Plaintiff's psychiatric conditions.  (*Id.*)  Once again, the ALJ's reasoning as to Dr. Joos's opinion lacks specificity, because she does not reference evidence inconsistent with the physician's opinion.   On remand, the ALJ should reconsider Dr. Joos's June 2011 opinion.

Christine Hudson

Ms. Hudson, a vocational rehabilitation counselor, wrote a February 2010 letter indicating that Plaintiff was not eligible for vocational rehabilitation and that it "may be more appropriate for DSHS to be exploring the possibility of SSI benefits."  (AR 714.)  The ALJ gave "no weight" to this opinion, finding it vague and unexplained.  (AR 27.)  The ALJ's rationale is germane, because Ms. Hudson does not explain the foundation for her opinion regarding Plaintiff's readiness for vocational rehabilitation, or why she believed Plaintiff should consider applying for Social Security benefits.  This lack of explanation is legitimate reason to discount an "other" source opinion.  *See* SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006).

Jennifer Abrams, M.D.

Dr. Abrams, a treating physician, completed a DSHS form opinion in April 2012, opining both that Plaintiff could not work at all (AR 719) but also that Plaintiff could perform sedentary work (AR 720), and describing his current treatment plan.  (AR 719-21.)  The ALJ discounted Dr. Abrams' opinion, finding it vague, unsupported by reference to specific findings, inconsistent with the overall medical evidence, and outside Dr. Abrams' expertise (to the extent she opined about the effect of Plaintiff's mental conditions).  (AR 27.)

Some of the ALJ's reasons are specific and legitimate.  Dr. Abrams' opinion does not cite any specific findings to support her opinion, and leaves blank the sections of the form requesting

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 13

1    explanation.  (AR 719-20.)  Her failure to explain and support her opinion is a legitimate reason

2    to discount the opinion.  *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any

3    physician, including a treating physician, if that opinion is brief, conclusory, and inadequately

4    supported by clinical findings.").  Likewise, the ALJ did not err in discounting Dr. Abrams'

5    opinion to the extent that she opined as to the limitations caused by Plaintiff's mental conditions,

6    when she did not treat or evaluate Plaintiff's mental conditions.  *See Allison v. Astrue*, 425 Fed.

7    Appx. 636, 639 (9th Cir. 2011).  Thus, the ALJ did not err in discounting Dr. Abrams' opinion.

8    Richard Peterson, Ph.D.

9        Dr. Peterson examined Plaintiff in June 2011, for the purpose of determining whether the

10   English and/or civics education requirements for taking the citizenship test should be waived on

11   account of disability.  (AR 723-28.)  Plaintiff had requested that his treating psychiatrist

12   complete paperwork to allow the exemption, but that physician refused to do so unless Plaintiff

13   first attempted to take citizenship classes.  (AR 514.)  When Plaintiff asked his psychiatrist about

14   it again the following month, without having taken the classes, the psychiatrist refused to sign

15   the paperwork, finding that "[t]here is no known psychiatric reason for his not being able to learn

16   and take the test.  He is completely focused on getting benefits and getting out of the citizenship

17   test."  (AR 465.)  Plaintiff told Dr. Peterson that his treating provider "was not available to fill

18   out the form."  (AR 725.)  Dr. Peterson opined that, as a result of the impact of Plaintiff's head

19   injury, he could not read, write, or speak English, and could not answer questions about U.S.

20   history and civics, even in a language he speaks.  (AR 726.)

21       The ALJ gave "little weight" to Dr. Peterson's assessment, finding that Plaintiff's report

22   to Dr. Peterson that his physician was unavailable to complete the form was not accurate.  (AR

23   27.)  According to the ALJ, the fact that Plaintiff sought certification from Dr. Peterson after

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 14

1   being refused by his treating psychiatrist "undermines the reliability of Dr. Peterson's opinion."

2   (*Id.*)   The ALJ also stated that Dr. Peterson "relied on [Plaintiff's] report without any exam or

3   testing."  (*Id.*)

4          The ALJ is incorrect that Dr. Peterson did not perform any examination or testing.  Dr.

5   Peterson's opinion describes the mental status examination tests he performed.  (AR 726.)  Thus,

6   this reason is erroneous.

7          The contrary evidence cited by the ALJ is, however, a legitimate reason to discount Dr.

8   Peterson's opinion.  Plaintiff's treating psychiatrist opined that "[t]here is no known psychiatric

9   reason for his not being able to learn and take the test."  (AR 465.)  This conflicting evidence

10  supports the ALJ's rejection of Dr. Peterson's opinion.  *See Tonapetyan*, 242 F.3d at 1149.

RFC Assessment

12         Plaintiff's argument that the ALJ failed to correctly assess her RFC rests on his

13  contention that the ALJ erred in assessing various medical opinions.  Dkt. 12 at 13-15.  Some of

14  the ALJ's analysis was indeed erroneous, as described *supra*.  Thus, on remand, the ALJ shall

15  reconsider her findings at steps four and five after reconsidering the 2011 opinions of Drs. Parker

16  and Joos.

VE Hypothetical

18         Plaintiff notes that the VE testified that a person who cannot communicate in English

19  cannot perform the jobs relied upon by the ALJ at step five.  Dkt. 12 at 18.  Contrary to

20  Plaintiff's argument, this testimony does not establish error in the ALJ's step-five findings,

21  because the ALJ found that Plaintiff had a limited ability to communicate in English, rather than

22  no ability to communicate.  (AR 28.)  Plaintiff has not argued or shown that the ALJ's finding is

23

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 15

incorrect.[5]

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further proceedings. On remand, the ALJ should (1) reconsider whether Plaintiff's hand tremor is a severe impairment, (2) reconsider the 2011 opinions of Drs. Parker and Joos, (3) reassess the step-four and step-five findings as necessary.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 26, 2015**.

DATED this 11th day of June, 2015.

Mary Alice Theiler
United States Magistrate Judge

---

[5] Plaintiff also argues that the ALJ erred in discounting his credibility based on his limited English skills, but the ALJ did not do so. Dkt. 12 at 17-18. Instead, the ALJ's decision explains why she found that Plaintiff has a limited ability to understand English. (AR 25, 28.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 16